# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

**Anthony D. Darden**

Plaintiff

**1: CV 01-0201**

-v-

Case No._____

**United States**

**Parole Commission, et al**

Respondent

FILED
SCRANTON
JAN 3 1 2001

PER _____
DEPUTY CLERK

## MOTION FOR WRIT OF HABEAS CORPUS

### JURISDICTION

**AND NOW,** PLAINTIFF, hereinafter the petitioner, moves this HONORABLE COURT to issue a "Writ of Habeas Corpus" in the above cause.

Petitioner invokes the court's jurisdiction pursuant to title 28 of the United States Code annotated, specifically section 2241 and 2243 under the constitution and laws of the United States of America.

Petitioner is presently under controlling authority of the United States Parole Commission. His present controller is the United States Probation Department, RM 720, Federal Building, P.O. Box 805, Harrisburg, PA 17118 - for

the obligation of four and a half years supervision of parole. The petitioner was paroled October 20, 2000, after the service of two and a half years for parole violation.

### BRIEF SUMMARY OF CASE

On February 24, 1999, petitioner who was incarcerated at the Federal Correctional Institution at Elkton, Ohio, filed a petition for Writ of Habeas Corpus alleging unlawful incarceration via constitutional violations.

On July 22, 1999, U.S. District Judge James S. Gwin, of the Northern District of Ohio, dismissed said petition for 'failure to exhaust administrative remedies'.

Additional motion for reconsideration was denied on August 19, 1999.

On August 27, 1999, *Notice of Appeal* was timely filed.

On January 11, 2000, petitioner filed a **Default Mandamus** to the *U.S. Court of Appeals, 6th Circuit,* requesting *the court* to resolve said issue.

On February 8, 2000, *Court of Appeals* dismissed said **Mandamus** sighting *In re Ford,* 987 F.2d 334, 341 (6th Cir.), *cert. denied,* 506 U.S. 862 (1992). Also stating: "In a three-page letter filed in response to the present petition, the district court judge who dismissed the habeas corpus action suggests the petitioner may have recently exhausted his administrative remedies - thus permitting him to refile his action in the district court. While that fact may have an impact on the direct appeal in Case No. 99-4152, it does not entitle him to mandamus relief. If anything, it provides yet one more remedy available to the petitioner other than mandamus relief."

On January 4, 2000, administrative remedies were exhausted.

On March 1, 2000, *Notice of Appeal* was dismissed, remanding the District Court's order.

## INTRODUCTION

Before the court, the petitioner brings forth one (1) issue to be reviewed. Evidence submitted hereof is vouched authentic from public record on file in the U.S. District Courthouse, Northern District of Ohio (Akron). All attachments are from those records to assist in an expeditious reply.

**The issue before the court:**

## UNLAWFUL RESTRAINT VIA DUE PROCESS RIGHTS

On December 20, 1996, the United States Parole Commission (hereinafter USPC) did issue a violator warrant and warrant application with disregard to petitioner's due process rights. (See attached hereof marked as Government Exhibit 13).

Those rights in particular are outlined in paragraph one (1) and two (2) of warrant application:

> You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

(3)

At your preliminary interview and any subsequent revocation hearing, you may present documentary evidence and voluntary witnesses on your behalf, and if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for question unless good cause is found for their nonappearance.

Accord with *Morrissey v. Brewer* 408 US 471, 33 Ed 2D 484, 92 S CT 2593, the facts are conclusive:

**Fact 1:** At said time issued, petitioner had incurred an arrest by the Commonwealth of PA (State Charges).

**Fact 2:** The arrest, on November 19, 1996, <u>was not</u> a conviction.

**Fact 3:** At said time issued, from November 19, 1996 through December 19, 1996, the USPC had been briefed of the arrest, thereby given ample time to establish and assert petitioners due process rights outlined in paragraph one (1) and two (2) of warrant application. (See attached hereof marked Government Exhibit 12).

**Fact 4:** At said time issued, the petitioner was neither interviewed or served a complaint or summons of the violations contained in warrant application until May 19, 1998, <u>seventeen (17) months after the initial arrest</u>. He was <u>in fact</u>, because his parole supervision had expired, under no obligation to report to a U.S. Probation Officer or a U.S. Probation Department. As of December 19, 1996, after petitioner's release on bail pending disposition of State Charges, he was

free to do, act, and go as he pleased without restraint or conditioning of any U.S. Probation Officer or U.S. Probation Department. From December 19, 1996, petitioner had no contact (by telephone or otherwise) with a U.S. Probation Officer nor was he requested or obligated to report to a U.S. Probation Department.

## ARGUMENT

In respect to the above facts, the violator warrant and warrant application issued by the USPC on December 20, 1996, and served on the petitioner seventeen (17) months after the initial arrest, cannot be foreseen as a *true bill* of jurisdiction to retard, contain, or oppose the petitioner's full term date of January 21, 1997.

Release of supervision by then U.S. Probation Officer, Richard H. Gochaur, open the door to void said warrant and warrant application because parolee is no longer under contract of insurance. He is no longer under restraint or the conditioning of a U.S. Probation Officer or the U.S. Probation Department, the subsidiary control of the USPC.

To release a parolee from supervision, that is the key freehold to jurisdiction over a parolee once he exceed his full term date, is a breach of jurisdiction. Under contract of insurance, supervision is the bridge and force of said warrant and warrant application so issued on December 20, 1996. Without obligation of supervision, said warrant and warrant application loses its force and

therefore void for lack of initiation and lack of maintenance. Initiation and maintenance is to assure not only a freehold over a parolee, but also to assure the parolee's rights in affording him ample chance to challenge any and all allegations made against him.

Due process request that detainer provide alleged parole violator with statement of charges made against him, his rights, and possible actions USPC could take, even though the USPC did not have warrant executed.

By placing said warrant and warrant application in *Abeyance* is receptacle, as if filing a detainer. Because in its action, it suspended parolee's full term date of January 21, 1997, thereby giving parolee full right to disclosure of all allegations made against him to support reason(s) as to why he is being held in lure of custody beyond his full term date. Without this fortitude, the parolee is blind to the consequences of his actions.

Had the petitioner been served a copy of the warrant application, notwithstanding execution of warrant, he would have been in full view of the consequence of his actions pertaining his decision of resolving his State Charges on March 16, 1998.

Had the petitioner been held and controlled under supervision, he would have been somewhat warned of the repercussion of his actions.

However, because the USPC did not serve or issue the parolee a copy of the complaint lodged against him, nor maintain him under control of jurisdiction, via U.S. Probation Department, his actions in rendering a conscious decision on

(6)

March 16, 1998 (in resolving his State Charges) cannot be penalized. Latitude given by USPC and U.S. Probation Department expunged contract of obligation by releasing parolee from supervision from December 19, 1996 until May 19, 1998, when said warrant was executed.

Moreover, under the due process clause of the fourteenth amendment, a parole authority final hearing on parole revocation in a narrow inquiry, not to be equated to a criminal prosecution in any sense, and flexible enough to consider evidence, including letters, affidavits, and other material, which would be inadmissible in an adversary criminal trial. The USPC chose, by its own admission, to deny petitioner the affordability to defend himself, thereby equaling a criminal prosecution of judge, jury, and executioner. As, in fact, the USPC in its actions divided legislation by ordering a summon of conviction on parolee when, in fact, a conviction had not been applicable, thereby voiding warrant and warrant application after the date of January 21, 1997, thereof honoring the Full Term date of the Petitioner and releasing him from unlawful restraint, effective immediately.

## PRAYER

It is with respect that I ask the court to resolve this issue. Wherefore, I, Anthony Darden, under oath, aver that all is true insofar as I can ascertain. Therefore I pray that the court grant relief and demand the release of petitioner

from said term of unlawful restraint and grant such other further relief as the court deems.

Respectfully Submitted,

_____
Anthony Darden, Pro Se

# U.S. DEPARTMENT OF ... ...  WARRAN... ...ICATION
## UNITED STATES PAROLE COMMISSION

| | | | |
|---|---|---|---|
| Case Of............. | Darden, Anthony | FBI No.................. | 961854T10 |
| Reg. No............. | 50446-060 | Birth Date.............. | 12/6/60 |
| Issuing Region.... | Eastern Region | Race..................... | Black |
| Date.................... | December 20, 1996 | Parole Termination Date........ | 1/21/97 |
| District From....... | Northern District of Ohio | Violation Date......... | 6/7/96 |
| District To........... | Eastern District of Pennsylvania | Released................ | January 5, 1990 |
| Transferred To..... | | Sentence Length........ | 13 years(orig) 8yrs 6mths 25days(pv) |
| Original Offense.. | Armed Bank Robbery | | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

CHARGES:

Charge No. 1 - Burglary On or about 11/22/96, subject was arrested by West Earl Township, Pa Police Dept for the above-cited offense(s) which occurred on or about 6/7/96 and 6/8/96, Subject and another burlarized the Bed & Furniture Warehouse. Subject entered via a rear door which was opened and left ajar earlier by a co-defendant. They took $2000 cash, daily reciepts, fax machine, porrtable CD stereo and CD's. Disposition pending. Information contained in the complaint and police report dated 11/22/960. This charge is based on information contained in the letter dated 12/11/96 from USPO Gochnaur.
I ADMIT [  ] or DENY [  ] this charge.

Charge No. 2 - Burglary On or about 11/19/96, subject was arrested by Ephrata Township, Pa. Police Dept for the above-cited offense(s) which occurred on or about 5/3 and 5/4/96. Subject burglarized X-tra Factors Store and took merchandise valued approximately $7575. Subject also used an axe to knock down an office door causing damages of $180. Disposition pending. Information contained in the complaint and police report dated 11/19/96 . This charge is based on information contained in the letter dated 12/11/96 from USPO Gochnaur.
I ADMIT [  ] or DENY [  ] this charge.

Preliminary Interview Is Not Required

Warrant Request Received..... 12/13/96
Warrant Issued..................... December 20, 1996
District Sent To..................... Eastern District of Pennsylvania

Warrant Recommended By:

Patricia D. Vines, Case Analyst
U.S. Parole Commission,

( ) Commission   ( ) Inmate   ( ) Institution   ( ) USPO   ( ) Interviewing Officer   ( ) Chron

---

# WARRANT

**U.S. Department of Justice**
**United States Parole Commission**

---

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, Darden, Anthony, Reg. No. 50446-060 was sentenced by the United States District Court for the Northern District of Ohio to serve a sentence of 13 years(orig)8yrs 6mths 25days(pv) for the crime of Armed Bank Robbery and was on January 5, 1990 released on parole from Ray Brook FCI with 2i573 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 20, 1996.

_____
U.S. Parole Commissioner
Eastern Region

# Memorandum



| | |
|---|---|
| **Subject**<br>ABEYANCE WARRANT<br>Re: Darden, Anthony<br>Reg. No. 50446-060 | **Date**<br>December 20, 1996 |
| **To**<br>Richard Gochnaur<br>U.S. Probation Officer<br>Eastern District of Pennsylvania<br>Suite 2400<br>Federal Office Building<br>600 Arch Street<br>Philadelphia, PA  19106-1679 | **From**<br>Patricia D. Vines<br>Case Analyst<br>U.S. Parole Commission |

The Commission has issued a warrant for the above-named parolee, <u>to be held in abeyance pending the outcome of criminal proceedings currently pending against that parolee.</u> The warrant is to be held in abeyance because the Commission desires that the parolee continue to be supervised, pending the outcome of the criminal proceedings. He has already been, or may, be released to the community on bail or personal recognizance.

Therefore, please hold this abeyance warrant in your file and keep the Commission informed as to the outcome of the pending criminal proceedings, or other significant developments in the case. At the conclusion of the criminal proceedings (acquittal or conviction and sentence) notify the Commission for instructions as to the disposition of the abeyance warrant, together with your recommendation. The Commission may withdraw the warrant altogether, withdraw the warrant and issue a summons, or it may request that you deliver the warrant to the U.S. Marshal. In the latter event, the Commission will give updated instructions for the U.S. Marshal either to assume custody or to file a detainer at the parolee's place of confinement. <u>The warrant is not to be delivered to the U.S. Marshal until the Commission decides that the disposition of the criminal case, or other significant developments, require the execution of the warrant or the placement of a detainer.</u>

A copy of the warrant application is attached. You may advise the parolee of the charges against him, but the warrant application is not to be served upon the parolee unless and until the warrant and the warrant application are delivered to the U.S. Marshal for execution or the placement of a detainer. <u>It is important that the parolee continue to be supervised until the Full Term Date in a normal manner notwithstanding the issuance of this abeyance warrant.</u>

GOVERNME
EXHIBIT

## REVOCATION HEARING SUMMARY

| | | | |
|---|---|---|---|
| Name | : DARDEN, Anthony Wayne | Supervision | : Parole |
| Reg | : 50446-060 | Artuso | : NO |
| Examiner | : Sicoli, John F. | Artuso Years Remaining: | |
| Warrant Executed | : 5/19/98 | Months in Custody | : 6 |
| Preliminary Interview: | None | Custody Type | : Both Federal and State |
| Institution | : Oklahoma FTC | Projected MR Date | : 2/9/03 |
| 2nd Designation | : Elkton FCI | Full Term Date | : 6/3/05 |
| Revoking District | : Eastern District of Pennsylvania | Hearing Date | : 10/1/98 |
| Hearing Type | : Institutional | | |

### I. Counsel And Witnesses:

Thomas R. Shurr, Attorney at Law
Law Offices of Eddy and Jones
228 Robert S. Kerr, Suite 615
Oklahoma City, OK 73102

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

None.

### II. Procedural Considerations:

None.

### III. Instant Warrant Information:

Please refer to 7/8/98 pre-hearing assessment.

### IV. Review of Charges:

Mr. Darden denies his involvement in any of these offenses. He stated that he pled nollo contendere on the advise of his attorney who stated that he simply would get time served for it and would not be exposed to additional custody with the Parole Commission as he would have a preliminary interview and would be able to present his side of the story at that point. Mr. Darden

stated that he has a witness to support his position that he was with her during the time that the first burglary was committed and second, that he has evidence in the form of work reports to indicate that he was at work during the time when he was suppose to be plotting with his codefendant regarding the second series of burglaries.

He stated that he did not realize that he would not be able to defend himself at a local revocation hearing where he could have produced witnesses and perhaps confronted his accuser in this case if he were able to do so.

EVIDENTIARY FINDINGS: Mr. Darden has pled nollo contendere to 2 charges of misdemeanor theft and the court found him guilty of these crimes. Today Mr. Darden states that he intended to defend himself vigorously at that hearing, but his attorney dissuaded him from doing that so he could get a sentence of time served.

Mr. Darden states that he did not realize that in so doing the Commission would deny his request for a local hearing and therefore, he would be unable to present witnesses or confront his accuser who he states is the co-defendant in this case.

He states that the accuser came up with this accusation against Mr. Darden 8-9 months after the crimes were supposed to have been committed. He feels that his ex-girlfriend has been very vigorous in trying to have Mr. Darden return to custody and that she put the co-defendant up to doing this.

I find that the overwhelming evidence is the fact that Mr. Darden pled nollo contendere and then the court found him guilty given the evidence available to it.

**V. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s): Charge #1: Misdemeanor Theft, First Degree.

Charge #2: Misdemeanor Theft, First Degree.
Basis: Information contained in police reports of 11/22/96 and 11/19/96 and your conviction of guilt on 3/16/98 in Lancaster, Pennsylvania Court of Common Pleas.

**No Findings And Supporting Rational:**

None.

**VI. Previous Commission Action:**

Please refer to 7/8/98 pre-hearing assessment.

**VII. Fines, Restitution, Other court Ordered Payments:**

None.

**VIII. Parole Risk:**

DARDEN.504   Typist: LRW   Date Typed: October 11, 1998                    Page 2 of 4

Mr. Darden's record of criminal activity would lead one to a conclusion that he is a more serious risk than reflected by his SFS.

He has been in his community since 1990 and while we have ~~suspension~~ SUSPICION (KAP) that he may have been involved in an assault during that time between when he was released from custody and when he brought back into custody on the Commission's instant warrant, I do not have sufficient proof to conclude that he was.

Given this, I find that we do not have sufficient evidence to conclude that Mr. Darden is a more serious risk than reflected by his SFS.

### IX. Community Resources And Issues:

Mr. Darden plans to return to live with his fiance and to resume work as a chef.

He has support from his fiance for his release from custody and he also definitely would be able to return to work.

### X. Salient Factor Score:

- 0 - A. Prior Convictions/Adjudications (Adult or Juvenile)
- 0 - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
- 2 - C. Age at Current Offense/Prior Commitments
  !!! Error with Bgn Delimiter !!! (5 or more commitments)
- 1 - D. Recent Commitment Free Period (Three Years)
- 0 - E. Probation/Parole/Confinement/Escape Status Violator
- 0 - F. Older Offenders
- 3 - Total Salient Factor Score

### XI. Evaluation:

Mr. Darden could serve up to 58 months to his new MR date.

I recommend a decision to release him after he has served 30 months which is 2-1/2 years for his instant violation behavior. Mr. Darden's overall adjustment in the community except for his involvement in his instant violation behavior has led one to suspect that he might have been involved in drug distributing or use in 1992 and otherwise that he might have been involved in an assault in 1995.

Mr. Darden stated that the assault did not result in a charge simply because he feels that he was assaulted by the alleged victim in this case and he was ready to defend himself against it if necessary.

I am not considering that he committed an assault since I do not have sufficient evidence to support that conclusion at this point.

It appears that Mr. Darden's overall adjustment to the community was non-assaultive and that he had established himself acceptably in the community as a chef and has developed and maintained a positive relationship with a woman in the community with whom he now claims he

plans to marry.

I feel considering all of this and considering the nature of the instant violation behavior that 2-1/2 years is sufficient punishment for his involvement in the instant violation behavior.

As indicated, I find that his release at this point would not result an unwarranted risk to his community for reasons discussed above.

## XII. Recommendation:

Revoke Parole. None of the time spent on Parole shall be credited. Continue to a Presumptive Parole after the service of 30 months on 4/19/00.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

## XIII. Reasons:

Your Parole violation behavior has been rated as Category Three severity because it involved criminal violations, specifically: You stole property valued between $2,000 and $40,000. Your new salient factor score is 3. As of 10/1/98, you have been in Both Federal and State custody for 6 months. Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Subsequent statutory interim not required.