DMB:KLM:all/201V00190

FILED
WILLIAMSPORT, PA
MAR 6 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN,  :
    Petitioner  :
      :
v.  : Civil No. 1:CV-01-0201
      : (Judge Caldwell)
UNITED STATES PAROLE COMMISSION,  :
    Respondent  :

### RESPONSE TO HABEAS CORPUS PETITION

This is a habeas corpus matter brought under 28 U.S.C. §2241 by Anthony D. Darden, a former inmate. Darden is currently under parole supervision within the Middle District of Pennsylvania until June 3, 2005.

Darden filed his habeas petition on January 31, 2001, claiming that the United States Parole Commission ("Commission") violated his due process rights by issuing a warrant to be held in abeyance. He asserts that he had a right to have the warrant executed after his arrest on state charges on November 19, 1996. He further contends that the Commission was required to serve him with a copy of its abeyance warrant before his full term date. The habeas petition should be denied.

### Statement of the Case

Darden was paroled from a thirteen-year federal sentence for armed bank robbery on January 5, 1990, to remain under parole

supervision until January 21, 1997.[1] (Exh. 1 at 2-3.) On December 20, 1996, the Commission issued a warrant charging Darden with violating the conditions of parole by committing two burglaries. (Id. at 4.) The warrant was sent to the United States Probation Office to be held in abeyance pending disposition of criminal charges for these burglaries. (Id. at 5.)

On March 16, 1998, Darden pled guilty to the two burglaries and was sentenced to twenty-three months in custody. On April 22, 1998, the Commission supplemented its warrant with this information and lodged it as a detainer. (Id. at 6-7.)

Darden completed service of his state sentence on May 19, 1998, and the United States Marshal executed the Commission's warrant on that date. (Id. at 8.) By letter dated June 22, 1998, the Commission informed Darden that it had found probable cause to believe he had violated the conditions of parole as charged and ordered a revocation hearing. (Id. at 9-10.)

The Commission conducted a revocation hearing for Darden on October 1, 1998. (Id. at 11-14.) Subsequent to that hearing, the Commission ordered that his parole be revoked, that he receive no credit for time spent on parole, and that he serve thirty months, to October 19, 2000, prior to reparole. (Id. at 15-17.) The National Appeals Board affirmed this decision on administrative

---

[1] This was Darden's second parole from this sentence; an earlier parole had been revoked.

2

appeal. (Id. at 18.) Darden was reparoled on October 19, 2000, to remain under parole supervision until June 3, 2005. (Id. at 19-21.)

### Question Presented

Should the habeas petition be denied as the Commission did not violate Darden's due process rights by issuing a warrant to be held in abeyance?

Suggested answer in the affirmative.

### Argument

**THE COMMISSION DID NOT VIOLATE DARDEN'S DUE PROCESS RIGHTS BY ISSUING A WARRANT TO BE HELD IN ABEYANCE.**

Darden's claim that the Commission violated his due process rights by issuing a warrant not intended for immediate execution must be dismissed. As the Third Circuit held in Franklin v. Fenton, 642 F.2d 760, 763 (3d Cir. 1980), "the Commission may defer its decision [to revoke parole] until guilt or innocence of a pending charge has been determined." In Franklin, the Commission issued a warrant, which was executed, then withdrew that warrant and issued a second warrant on the same charges, to be held in abeyance until disposition of the pending charges. The Third Circuit held that the Commission's statute did not prohibit it from issuing a warrant to be held in abeyance because "[d]enying the Commission flexibility to defer final decision would serve the interests of neither parolee nor Commission." 642 F.2d at 763. A "restrictive approach would result in the revocation of parole in some situations in which later developments would bring about a

3

different result." Id. Accordingly, the Commission's action in issuing a warrant to be held in abeyance is lawful. See 28 C.F.R. §2.44(b).

Furthermore, due process does not compel another result. Darden's due process argument is that he had a right to a preliminary interview immediately. However, it is well-settled law that *issuance* of a warrant does not trigger due process rights to preliminary interview, hearing, etc. Rather, it is the *execution* of the warrant that triggers the right to these procedures. Moody v. Daggett, 429 U.S. 78, 86 (1976) (no right to revocation hearing until parolee taken into custody as a parole violator; *i.e.*, until the warrant is executed); Morrissey v. Brewer, 408 U.S. 471, 488 (1972) ("The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."). Darden had no right to have his warrant executed sooner than upon his completion of his new sentence. Moody, supra.

Finally, Darden's belief that his parole expired and voided the Commission's warrant is without merit. The issuance of the warrant tolled expiration of the sentence and permitted the Commission to execute the warrant and conduct revocation proceedings after the original full term expiration date. *E.g.*, Boyden v. Reno, 106 F.3d 267, 269 (9th Cir. 1996); Russie v. U.S. Department of Justice, 708 F.2d 1445 (9th Cir. 1983); Martin v. Luther, 689 F.2d 109, 114 (7th Cir. 1982) (Commission retains

4

jurisdiction to revoke parole after expiration of maximum term if warrant issued prior to expiration); 28 C.F.R. §2.47(e)(2). There is no authority for the proposition that the Commission is required to serve a copy of an abeyance warrant on an alleged parole violator prior to the execution of said warrant. See 28 C.F.R. §2.46(b) ("On *arrest* of the parolee the officer executing the warrant shall deliver to him a copy of the Warrant Application listing the charges against the parolee, the applicable procedural rights under the Commission's regulations and the possible actions which may be taken by the Commission." (Emphasis added.)).

### Conclusion

For the reasons stated above, the petition for writ of habeas corpus should be denied with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*Kate L. Mershimer*

KATE L. MERSHIMER
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

5

OF COUNSEL:

MICHAEL A. STOVER, General Counsel
SHARON GERVASONI, Attorney
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815


Dated: March 6, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN,
    Petitioner

v.          Civil No. 1:CV-01-0201
         (Judge Caldwell)

UNITED STATES PAROLE COMMISSION,
    Respondent

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 6th day of March 2001, she served a copy of the attached

**RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Williamsport, Pennsylvania.

Addressee:

Anthony D. Darden
931 Fahs Street
York, PA 17404

*Michele E. Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist