(5)
3/7/01
lp

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN, Petitioner :
v. : Civil No. 1:CV-01-0201 (Judge Caldwell)
UNITED STATES PAROLE COMMISSION, Respondent :

FILED
WILLIAMSPORT, PA
MAR 6 2001
MARY E. D'ANDREA, CLERK
Per [signature] DEPUTY CLERK

RESPONDENT'S EXHIBIT IN SUPPORT
OF ITS RESPONSE TO HABEAS CORPUS PETITION

DAVID M. BARASCH
United States Attorney
[signature]
KATE L. MERSHIMER
Assistant United States Attorney
MICHELE E. LINCALIS
Paralegal Specialist
Federal Building, Suite 316
240 West Third Street
Williamsport, PA 17701
(570)326-1935

Date: March 6, 2001

# EXHIBIT - 1

CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Anthony Dwayne Darden, Register Number 50446-060,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 28th day of February, 2001, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Sharon Gervasoni
Attorney
U.S. Parole Commission





# U.S. Department of Justice
# United States Parole Commission



Chevy Chase, Maryland 20815

# Certificate of Parole

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that DARDEN, ANTHONY DWAYNE, Register No. 50446-060, a prisoner in the FCI, RAY BROOK is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on JANUARY 5, 19 90; and that said prisoner is to remain within the limits of ND/NY until JANUARY 21, 19 97;

Given under the hands and the seal of the United States Parole Commission this 4TH day of JANUARY, nineteen hundred and 90

UNITED STATES PAROLE COMMISSION.

By Judith L. Speller
JUDITH L. SPELLER, SOCIAL SCIENCE TECH

Initial Risk Category: SFS 4

Advisor

Probation Officer CUSPO, FRANK T. WATERSON, NORTHERN DISTRICT OF NEW YORK

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

Anthony Dwayne Darden (Name) 50446-060 (Register Number)

WITNESSED W A Cosgrove

US Probation Off. (Title) 3/12/90 (Date)

UNITED STATES PAROLE COMMISSION
The above-named person was released on the 5 day of December, 1990 with a total of 2573 days remaining to be served.

W. A. Perrill, Warden (Chief Executive Officer) 000002



PAROLE FORM H-8
JAN 89

# CONDITIONS OF RELEASE

1. You shall go directly to the district shown on this CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your probation officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.

3. You shall not leave the limits fixed by this CERTIFICATE OF RELEASE without written permission from your probation officer.

4. You shall notify your probation officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.

6. You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an "informer" or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your probation officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use, or administer marihuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your probation oficer.

11. You shall not possess a firearm or other dangerous weapon.

12. You shall permit confiscation by your probation officer of any materials which your probation officer believes may constitute contraband in your possession and which your probation officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, will cooperate with your Probation Officer in establishing an installment payment schedule.

SPECIAL CONDITIONS: (Applicable only if indicated)

( ) You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.

( ) You shall participate in a community based program for the treatment of alcoholism as directed by your probation officer.

( ) You shall participate in an in-patient or an out-patient mental health program as directed by your probation officer.

( ) You shall reside in and participate in a program of the Community Treatment Center as instructed until discharge by the Center Director, but no later than 120 days from admission.

( ) Other:

This CERTIFICATE will become effective on the day of release shown on the reverse side. If the release fails to comply with any of the conditions listed above, the release may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Information concerning a release under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular release if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning releasees may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**U.S. DEPARTMENT OF J[illegible]E**
**UNITED STATES PAROLE COMMISSI[illegible]**

**WARRANT [illegible]ICATION**

Case Of........................ **Darden, Anthony**
Reg. No........................ **50446-060**
Issuing Region........... **Eastern Region**
Date............................ **December 20, 1996**
District From............. **Northern District of Ohio**
District To.................. **Eastern District of Pennsylvania**
Transferred To...........
Original Offense........ **Armed Bank Robbery**

FBI No........................................ **961854T10**
Birth Date.................................. **12/6/60**
Race............................................ **Black**
Parole Termination Date......... **1/21/97**
Violation Date........................ **6/7/96**
Released.................................... **January 5, 1990**
Sentence Length..................... **13years(orig)8yrs6mths25days(pv)**

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. **Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.** If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

Charge No. 1 - Burglary On or about 11/22/96, subject was arrested by West Earl Township, Pa Police Dept for the above-cited offense(s) which occurred on or about 6/7/96 and 6/8/96, Subject and another burlarized the Bed & Furniture Warehouse. Subject entered via a rear door which was opened and left ajar earlier by a co-defendant. They took $2000 cash, daily reciepts, fax machine, porrtable CD stereo and CD's. Disposition pending. Information contained in the complaint and police report dated 11/22/960. This charge is based on information contained in the letter dated 12/11/96 from USPO Gochnaur.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 2 - Burglary** On or about 11/19/96, subject was arrested by Ephrata Township, Pa. Police Dept for the above-cited offense(s) which occurred on or about 5/3 and 5/4/96. Subject burglarized X-tra Factors Store and took merchandise valued approximately $7575. Subject also used an axe to knock down an office door causing damages of $180. Disposition pending. Information contained in the complaint and police report dated 11/19/96 . This charge is based on information contained in the letter dated 12/11/96 from USPO Gochnaur.
**I ADMIT [ ] or DENY [ ] this charge.**

**Preliminary Interview Is Not Required**

Warrant Request Received..... **12/13/96**
Warrant Issued....................... **December 20, 1996**
District Sent To...................... **Eastern District of Pennsylvania**

**Warrant Recommended By:**

**Patricia D. Vines, Case Analyst**
**U.S. Parole Commission,**

( ) **Commission** ( ) **Inmate** ( ) **Institution** ( ) **USPO** ( ) **Interviewing Officer** ( ) **Chron**







# Memorandum

Subject
**ABEYANCE WARRANT**
**Re: Darden, Anthony**
**Reg. No. 50446-060**

Date
December 20, 1996

To
Richard Gochnaur
U.S. Probation Officer
Eastern District of Pennsylvania
Suite 2400
Federal Office Building
600 Arch Street
Philadelphia, PA 19106-1679

From
Patricia D. Vines
Case Analyst
U.S. Parole Commission

The Commission has issued a warrant for the above-named parolee, <u>to be held in abeyance pending the outcome of criminal proceedings currently pending against that parolee.</u> The warrant is to be held in abeyance because the Commission desires that the parolee continue to be supervised, pending the outcome of the criminal proceedings. He has already been, or may, be released to the community on bail or personal recognizance.

Therefore, please hold this abeyance warrant in your file and keep the Commission informed as to the outcome of the pending criminal proceedings, or other significant developments in the case. At the conclusion of the criminal proceedings (acquittal or conviction and sentence) notify the Commission for instructions as to the disposition of the abeyance warrant, together with your recommendation. The Commission may withdraw the warrant altogether, withdraw the warrant and issue a summons, or it may request that you deliver the warrant to the U.S. Marshal. In the latter event, the Commission will give updated instructions for the U.S. Marshal either to assume custody or to file a detainer at the parolee's place of confinement. <u>The warrant is not to be delivered to the U.S. Marshal until the Commission decides that the disposition of the criminal case, or other significant developments, require the execution of the warrant or the placement of a detainer.</u>

A copy of the warrant application is attached. You may advise the parolee of the charges against him, but the warrant application is not to be served upon the parolee unless and until the warrant and the warrant application are delivered to the U.S. Marshal for execution or the placement of a detainer. <u>It is important that the parolee continue to be supervised until the Full Term Date in a normal manner notwithstanding the issuance of this abeyance warrant.</u>

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION




Case Of: Darden, Anthony Dwayne
Reg. No: 50446-060
FBI No: 961854T10
Birth Date: 12-06-60
Race: Black
Date: April 22, 1998

**SUPPLEMENT TO WARRANT APPLICATION DATED December 20, 1996**

**CHARGES:**

**Supplemental Charge No. 1(b) Law Violation: Misdemeanor Theft(1st Degree)** - On or about 03-16-98, subject pled guilty in the Lancaster, PA Court of Common Pleas to the above-cited offense(s) and was sentenced to 23 months custody in Docket #0020-1997 to run concurrent with sentence imposed in Docket #746-1997. Information contained in Judgment dated 03-16-98. This charge is based on information contained in the letter dated 04-20-98 from USPO Gochnaur. **I ADMIT [ ] or DENY [ ] this charge.**

**Supplemental Charge No. 2(b) Law Violation: Misdemeanor Theft(1st Degree)**- On or about 03-16-98, subject pled guilty in the Lancaster, PA Court of Common Pleas to the above-cited offense(s) and was sentenced to 23 months custody in Docket #746-1997 to run concurrent to the sentence imposed in Docket #0020-1997 . Information contained in Judgment dated 03-16-98. This charge is based on information contained in the letter dated 04-20-98 from USPO Gochnaur. **I ADMIT [ ] or DENY [ ] this charge.**

**PRELIMINARY INTERVIEW IS NO LONGER REQUIRED.**

Warrant Issued: **December 20, 1996**
District Sent To: **Eastern District of Pennsylvania**

**Warrant Recommended By:**

Stephen J. Husk

**Stephen J. Husk, Case Analyst**
**U.S. Parole Commission,**





# Memorandum

**WARRANT APPLICATION & WARRANT**
Darden, Anthony D.
Reg. No. 50446-060

**Date Warrant Issued:**

December 20, 1996

To:

U.S. Marshal
Eastern District of Pennsylvania
2110 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

From:

Stephen J. Husk
Case Analyst
U.S. Parole Commission

**UPDATED INSTRUCTIONS DATED April 22, 1998**

Enclosed are copies of Warrant Application and Warrant in duplicate, issued by the United States Parole Commission for the above-named parolee. Notify the Commission of all developments concerning the disposition of this warrant.

**The prisoner has been sentenced to a new State term of imprisonment, place the warrant as a detainer and indicate the institution designated for service of sentence and the inmate's State Identification Number.**

**PROBATION OFFICER:** Please keep the Commission advised of all further developments in this case.

cc: Richard H. Gochnaur
U.S. Probation Officer
Eastern District of Pennsylvania
Suite 2400
Federal Office Building
600 Arch Street
Philadelphia, PA 19106-1679

PROCEDURE: After execution of the warrant give one copy of Warrant Application to the prisoner; furnish one copy to the U.S.Probation Officer as soon as practical after taking custody; and advise the Regional Office of the Parole Commission which issued the Warrant that subject is in custody. Give the place of confinement, and the date Warrant was executed. When prisoner is returned to the designated institution, leave Warrant Application and one Warrant with Warden. Make your return on the other Warrant to the Regional Commissioner of the region where it was issued.

NOTE: If there has been a conviction of an offense committed while under supervision, no preliminary interview by a Probation Officer will be conducted unless the Commission orders otherwise.

Jew 5/19/98

UNITED STATES MARSHALS SERVICE
EASTERN DISTRICT OF PENNSYLVANIA

2110 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106
(215)597-3895

Date: 5-19-98

MEMORANDUM TO: U.S. Parole Commission and
U.S. Probation Office

ATTN: Ms. Patricia Vines, Parole Comm. S Husk
Ms. Edna Rich, Probation Office

FROM: Warrant Section
U. S. Marshals Service
Eastern District of PA (66)

SUBJECT: Execution of Parole Warrant

**PAROLE COMMISSION:**

You are notified that the below named prisoner has been taken and returned to the custody of the Parole Commission pursuant to 18 USC 4213(d).

Date warrant executed: 5-19-98

Anthony Darden 50446-060
NAME Reg. #

Place of violation: Phila. Pa

Subject in custody at: USMS Harrisburg Pa.

You may elect to retain custody and fiscal responsibility of local detention or return custody to the Bureau of Prisons who may designate the violator to a local contract jail or to a federal institution pending final Commission action. Please provide a notice of Commission designation or provide a written notice of intentions.

**PROBATION OFFICE:**

You are also notified of the above arrest. Please make appropriate arrangements for the subject's hearing.

If there are any questions or further information is needed, please call this district at (215)597-3895. Thank you for your assistance and cooperation in this matter.

FAX TO US PAROLE COMMISSION 301-492-5525
FAX TO US PROBATION OFFICE 215-597-8856





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301) 492-5821*
*Facsimile: (301) 492-5525*

June 22, 1998

Mr. Anthony Dwayne DARDEN
Reg. No. 50446-060

Dear Mr. Darden:

This is to inform you that the Commission has found probable cause to believe that you have violated the conditions of your parole and has ordered a hearing to determine whether or not your release should be revoked. The purpose of this hearing will be to make a final determination as to whether or not you violated the conditions of your above-stated release as charged and, if so, whether the violations warrant revocation. If revocation is ordered, the Commission will also determine whether to reparole or to require service of all or any part of your violator term.

The specific charge(s) upon which these finding(s) are based:

1. (b) Law Violation: Misdemeanor Theft (1st Degree).

2. (b) Law Violation: Misdemeanor Theft (1st Degree).

These charges and any additional information will be reviewed at the hearing for possible violations. The evidence relied on is indicated on the warrant application and in the Summary Report of the Preliminary Interview. Other charges as listed on the warrant application/supplement will also be considered at the time of your hearing.

1. (a) Law Violation: Burglary.

2. (a) Law Violation: Burglary.

000009

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order you not to receive

credit toward service of your sentence for that amount of time.

If you are a special parole term violator, or have previously received street time credit for any period served on your special parole term, such time must be forfeited. If you are an adult D.C. Code violator, all street time credit must be forfeited.

Your transfer to a federal institution has been ordered for the purpose of holding a revocation hearing following your arrival at that institution. No new information has been presented that would warrant your release pending the revocation hearing.

Enclosed, find a packet of the below listed documents upon which the warrant is based, for your use at the revocation hearing. If information exempt from full disclosure has been removed from this packet, you will find a summary of the exempt material included.

1. Warrant & Warrant Application dated 12/20/1996 and Supplemental Warrant dated 04/22/1998.
2. USPO Richard H. Gochnaur letter(s) of 12/09/1996 with Criminal Complaint and Earl Township, PA Police Reports Attached; 04/20/1998 Sentencing Orders.

Sincerely,

Stephen J. Husk

Stephen J. Husk
Case Analyst

Enclosures

cc: Richard H. Gochnaur
U.S. Probation Officer
Eastern District of Pennsylvania
Suite 2400
Federal Office Building
600 Arch Street
Philadelphia, PA 19106-1679

adc




## REVOCATION HEARING SUMMARY

**Name** . . . . . . . . . : DARDEN, Anthony Wayne

**Reg** . . . . . . . . . . . : 50446-060

**Examiner** . . . . . . : Sicoli, John F.

**Warrant Executed** : 5/19/98

**Preliminary Interview:** None

**Institution** . . . . . . : Oklahoma FTC

**2nd Designation** . : Elkton FCI

**Revoking District** : Eastern District of Pennsylvania

**Hearing Type** . . . : Institutional

**Supervision** . . . . : Parole

**Artuso** . . . . . . . . : NO

**Artuso Years Remaining:**

**Months in Custody** : 6

**Custody Type** . . . : Both Federal and State

**Projected MR Date** : 2/9/03

**Full Term Date** . . : 6/3/05

**Hearing Date** . . . : 10/1/98

---

### I. Counsel And Witnesses:

Thomas R. Shurr, Attorney at Law
Law Offices of Eddy and Jones
228 Robert S. Kerr, Suite 615
Oklahoma City, OK 73102

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

None.

### II. Procedural Considerations:

None.

### III. Instant Warrant Information:

Please refer to 7/8/98 pre-hearing assessment.

### IV. Review of Charges:

Mr. Darden denies his involvement in any of these offenses. He stated that he pled nollo contendere on the advise of his attorney who stated that he simply would get time served for it and would not be exposed to additional custody with the Parole Commission as he would have a preliminary interview and would be able to present his side of the story at that point. Mr. Darden




stated that he has a witness to support his position that he was with her during the time that the first burglary was committed and second, that he has evidence in the form of work reports to indicate that he was at work during the time when he was suppose to be plotting with his codefendant regarding the second series of burglaries.

He stated that he did not realize that he would not be able to defend himself at a local revocation hearing where he could have produced witnesses and perhaps confronted his accuser in this case if he were able to do so.

EVIDENTIARY FINDINGS: Mr. Darden has pled nollo contendere to 2 charges of misdemeanor theft and the court found him guilty of these crimes. Today Mr. Darden states that he intended to defend himself vigorously at that hearing, but his attorney dissuaded him from doing that so he could get a sentence of time served.

Mr. Darden states that he did not realize that in so doing the Commission would deny his request for a local hearing and therefore, he would be unable to present witnesses or confront his accuser who he states is the co-defendant in this case.

He states that the accuser came up with this accusation against Mr. Darden 8-9 months after the crimes were supposed to have been committed. He feels that his ex-girlfriend has been very vigorous in trying to have Mr. Darden return to custody and that she put the co-defendant up to doing this.

I find that the overwhelming evidence is the fact that Mr. Darden pled nollo contendere and then the court found him guilty given the evidence available to it.

**V. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s): Charge #1: Misdemeanor Theft, First Degree.

Charge #2: Misdemeanor Theft, First Degree.
Basis: Information contained in police reports of 11/22/96 and 11/19/96 and your conviction of guilt on 3/16/98 in Lancaster, Pennsylvania Court of Common Pleas.

**No Findings And Supporting Rational:**

None.

**VI. Previous Commission Action:**

Please refer to 7/8/98 pre-hearing assessment.

**VII. Fines, Restitution, Other court Ordered Payments:**

None.

**VIII. Parole Risk:**




Mr. Darden's record of criminal activity would lead one to a conclusion that he is a more serious risk than reflected by his SFS.

He has been in his community since 1990 and while we have ~~suspension~~ SUSPICION (KAP) that he may have been involved in an assault during that time between when he was released from custody and when he brought back into custody on the Commission's instant warrant, I do not have sufficient proof to conclude that he was.

Given this, I find that we do not have sufficient evidence to conclude that Mr. Darden is a more serious risk than reflected by his SFS.

**IX. Community Resources And Issues:**

Mr. Darden plans to return to live with his fiance and to resume work as a chef.

He has support from his fiance for his release from custody and he also definitely would be able to return to work.

**X. Salient Factor Score:**

0 - A. Prior Convictions/Adjudications (Adult or Juvenile)
0 - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
2 - C. Age at Current Offense/Prior Commitments
**!!! Error with Bgn Delimiter !!!** (5 or more commitments)
1 - D. Recent Commitment Free Period (Three Years)
0 - E. Probation/Parole/Confinement/Escape Status Violator
0 - F. Older Offenders
3 - **Total Salient Factor Score**

**XI. Evaluation:**

Mr. Darden could serve up to 58 months to his new MR date.

I recommend a decision to release him after he has served 30 months which is 2-1/2 years for his instant violation behavior. Mr. Darden's overall adjustment in the community except for his involvement in his instant violation behavior has led one to suspect that he might have been involved in drug distributing or use in 1992 and otherwise that he might have been involved in an assault in 1995.

Mr. Darden stated that the assault did not result in a charge simply because he feels that he was assaulted by the alleged victim in this case and he was ready to defend himself against it if necessary.

I am not considering that he committed an assault since I do not have sufficient evidence to support that conclusion at this point.

It appears that Mr. Darden's overall adjustment to the community was non-assaultive and that he had established himself acceptably in the community as a chef and has developed and maintained a positive relationship with a woman in the community with whom he now claims he




plans to marry.

I feel considering all of this and considering the nature of the instant violation behavior that 2-1/2 years is sufficient punishment for his involvement in the instant violation behavior.

As indicated, I find that his release at this point would not result an unwarranted risk to his community for reasons discussed above.

**XII. Recommendation:**

Revoke Parole. None of the time spent on Parole shall be credited. Continue to a Presumptive Parole after the service of 30 months on 4/19/00.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

**XIII. Reasons:**

Your Parole violation behavior has been rated as Category Three severity because it involved criminal violations, specifically: You stole property valued between $2,000 and $40,000. Your new salient factor score is 3. As of 10/1/98, you have been in Both Federal and State custody for 6 months. Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Subsequent statutory interim not required.

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201



**Notice of Action**

Name: DARDEN, Anthony Wayne

Institution: Oklahoma FTC
Elkton FCI

Register Number: 50446-060

In the case of the above named the following parole action was ordered.

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 30 months on 10-19-2000.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled.

FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge #1: Misdemeanor Theft, First Degree.

Charge #2: Misdemeanor Theft, First Degree.
Basis: Information contained in police reports of 11/22/96 and 11/19/96 and your conviction of guilt on 3/16/98 in Lancaster, Pennsylvania Court of Common Pleas.

REASONS:

Your parole violation behavior has been rated as Category Three severity because it involved criminal violations, specifically: You stole property valued between $2,000 and $40,000. Your new salient factor score is 3. As of 10/1/98, you have been in both federal and state custody for 6 months. Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

**Appeals Procedure:**
The above action is appealable to the National Appeals Board under 28 C.F.R. 2.26.

You may obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed with the Commission within thirty days of the date this Notice was sent. Copies of this Notice are sent to your institution and to your probation officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others, if you so wish.

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

Date: November 5, 1998

Clerk: DLW



cc:

Thomas R. Shurr
Attorney at Law
Law Offices of Eddy and Jones
228 Robert S. Kerr, Suite 615
Oklahoma City, OK 73102

000016



| Your Pts | SFS-98 Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than 30 days (adult or juvenile) None = 2;One or two = 1; Three or more = 0 |
| 2 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time =1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) =1; Otherwise = 0 |
| 3 | Total Salient Factor Score (SFS-98) (sum of points for A - F above) |

**Points For SFS-98 Item C**

| Age | Prior Commitments 0-3 | 4 | 5+ |
|---|---|---|---|
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

000017

Date: November 5, 1998

Clerk: DLW

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201



**NOTICE OF [redacted]ON ON APPEAL**

Name: Darden, Anthony

Register Number: 50446-060 Institution: Elkton FCI

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS:**

In response to your claim that you have not been given proper credit for time in custody, you present no verification that the sentence computation data on your BP-5 is in error. The Bureau of Prisons is responsible for preparing your sentence computation. If you dispute your sentence computation, you should address the problem with the Records Office which will determine the validity of your claim and notify the USPC of any modification to your BP-5. The Commission relies on the sentence computation by the Bureau, according to which your sentence had not expired at the time the Commission's warrant was issued.

In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary.

In response to your claim that the decision was based on erroneous information, the evidence you have presented does not persuade the Commission that the information it has relied upon is inaccurate.

In response to your plea for a more lenient decision, you provide no significant mitigating circumstances sufficient to merit a different decision.

All decisions by the National Appeals Board on appeal are final.

000018

Date: March 15, 1999 Clerk: pgn







**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that **DARDEN, Anthony Dwayne,** Register No. **50446-060,** a prisoner incarcerated in the **Capital Pavilion Comm. Ctr** is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **October 19, 2000**, and that said prisoner is to remain within the limits of **Middle District of Pennsylvania** to and including **June 3, 2005**.

Given under the hands and the seal of the United States Parole Commission this **October 19, 2000**.

UNITED STATES PAROLE COMMISSION

**By: Scott Kubic, Case Analyst**

Initial Risk Category: SFS - 3
Chief U.S. Probation Officer: **Joseph P. Donohue, Middle District of Pennsylvania**

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

______________________________________________
Name Reg. No.

Witnessed: ______________________________________________
Name and Title Date

The above-named person was released on the ____ day of ____________, 19____ with a total of _______ days remaining to be served.

______________________________________________
**Official Certifying Release**



This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.
2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Office.
3. You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.
4. You shall notify your Probation Officer within 2 days of any change in your place of residence.
5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.
6. You shall not violate any law, nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.
7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.
8. You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.
9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.
10. You shall not associate with persons who have a criminal record unless you have permission by your Probation Officer.
11. You shall not possess a firearm, ammunition or other dangerous weapons.
12. You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.




13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.
14. You shall submit to a drug test whenever ordered by your Probation Officer.
15. If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state or local convictions for sexual offenses, and in compliance with 42 U.S.C. §14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. §4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. §2.35(b), whichever is earlier.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY D. DARDEN, Petitioner | : | |
| v. | : | Civil No. 1:CV-01-0201 (Judge Caldwell) |
| UNITED STATES PAROLE COMMISSION, Respondent | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 6th day of March 2001, she served a copy of the attached

**RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Williamsport, Pennsylvania.

Addressee:

Anthony D. Darden
931 Fahs Street
York, PA 17404

Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist