# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN,
    Petitioner,

V.

UNITED STATES
PAROLE COMMISSION,
    Respondent.

Civil No. 1:CV-~~10~~-0201
(JUDGE CALDWELL)

## PETITIONER REBUTTLE TO HABEAS CORPUS PETITION

On March 6, Respondent replied misrepresenting the facts and basic of petitioner's argument. Please let it be made clear that the petitioner is not disputing the rights and bylaws of the Commission. The actual and decisive question here is: "Did the petitioner have a right to know about the pending parole violation (s) against him?"

Accord to Due Process, he does.

Whether the warrant and warrant application was filed in abeyance or any other pretext, any format that suspends a parolees full-term date, gives the parolee due process rights to know why his full-term date is being suspended and or terminated. Whether the warrant was executed or not its action equaled the force of detainment. Beyond the parolees, full-term date of January 21, 1997, is detainment. Therefore, the parolee had a right to know why his full-term date was suspended or terminated.

Instead, the Commission chooses to deny the above fundamental right. In its action (s), the Commission (converting to December 19, 1996) released the petitioner

(2)

from obligation of parole (supervision) without the knowledge of the pending warrant. This breach is confirmed in **Memorandum** sent to U.S. Probation Officer, Richard Gochnaur, on December 20, 1996 - noted in respondents exhibit 000005.

From December 19, 1996 through May 1998, petitioner was under no obligation to the U.S. Parole Commission or any of it subsidiary divisions.

28 C.F.R. section 2.46 (c) states:

If execution of the warrant is delayed pending disposition of local charges, for further investigation, or for some other purpose, the parolee is to be continued under supervision by the probation officer until the normal expiration of the sentence, or until the warrant is executed, whichever first occurs. Monthly supervision reports are to be submitted, and the parolee must continue to abide by all the conditions of release.

The Commission does have the right to issue a parole violator warrant to be held in abeyance. Though the Commission does not have the authority under 18 U.S.C. section 4164, to issue a federal parole violation warrant fewer than 180 days, even if the Commission later became cognizant of a violation which had occurred within the period the releasee was deemed on parole.

The parole violation warrant was issued December 20, 1996.

The parolees full-term date was January 21, 1997.

(3)

Fewer than 180 days, the Commission's scrutiny of a parolee's behavior must end.

Though, not to sway from the matter at hand, the respondent would lead you to believe that the petitioner was under control of State officials and or the U.S. Probation Department. This is not the case. The petitioner disposition of his State Charges relinquished him of any jail time.

The respondent would lead you to believe that the parole violator warrant was served on the petitioner May 19, 1998, after the completion of a State sentence. The parole violator warrant was served on the petitioner at his home, approximately (3) months after he had disposed of the State Charges on March 16, 1998, whereof his plea was a condition of time severed to (2) misdemeanor violations. From December 19, 1996 through May 19,1998, until the warrant was executed, the petitioner was neither under State or Federal custody. The petitioner was free with the rights of any U.S. citizen to go and come as he pleased, save the disposition of his State charges. As in fact, (for two years) the petitioner was no longer in the Eastern District that had been the controlling district of his parole. He was in no way obligated to the U.S. Parole Commission or any of its subdivisions.

If indeed he was obligated, as so stated by the Commission, the Commission failed to assert their judicial safeguard. Even if the Commission choose not to execute the warrant, accord to due process they were obligated to make the parolee aware of the

(4)

pending violations (s) against him. Without this knowledge provides an unfair advantage. In essence, he is blind to the disposition of his actions. This in itself is adverse, it blindsided the petitioner's view in making an honest decision in disposing of his State charges. With the knowledge of the pending warrant, he is given a fair and honest chance of defense. Without the knowledge, it is receptacle to railroading.

In examining the Warrant Application - noted in respondents exhibit 000004 -you will note the discrepancy in the parole violation date, recorded as 6/7/96.

You will note the first two paragraphs that have been eliminated in the Commission's course of actions.

You will note that all decisions are predetermined without a course of review in establishing probable cause.

The application is prejudice, an ambiguous ambush that left the petitioner with no ground of recourse.

Moreover, if the warrant is not advocated as a retainer, then in all practicality, it is impossible to detain the parolees full-term date. Though being it did detain the parolees full-term date, as stated by the Commission, the parolee should have been given full disclosure of the pending violations against him, even though the warrant was not executed but held in abeyance.

(5)

Burden of proof lies on the Commission to provide evidence that they made the petitioner aware of the violations against him before the execution of the warrant on May 19, 1998.

Burden of proof lies on the Commission to provide documentation that the petition was still under supervision December 19, 1996 through May 19, 1998 pending the disposition of his State charges.

Still and foremost, the critical question remains: "Did the petitioner have a right to know about the pending parole violation (s) against him?"

Due process provides that he does. It is applicable to say without due process, his admission to any wrongdoing is the act of entrapment.

Respectfully Submitted,

Anthony D. Darden, pro se


# CERTIFICATE OF SERVICE

I, Anthony Darden, hereby certify that a copy of the forgoing Petitioner's rebuttal for Writ of Habeas Corpus was served on Respondent by U.S. Mail this 16th day of March 2001, upon the following:

>DAVID M. BARASCH
>U.S. Attorney
>
>KATE L. MERSHIMER
>Assist. U.S. Attorney
>
>MICHELE E. LINCALIS
>Paralegal Specialist
>316 Federal Building
>240 West Third Street
>Williamsport, PA 17703

_____
Anthony Darden, pro se