IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN,                :
                                  :
        Petitioner                :
                                  :    CIVIL NO. 1:CV-01-0201
    vs.                           :
                                  :    (Judge Caldwell)
                                  :
UNITED STATES PAROLE              :
COMMISSION,                       :
                                  :
        Respondent                :

MEMORANDUM

I.  Introduction.

Anthony D. Darden, a former federal inmate, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Darden is challenging the United States Parole Commission's continued exercise of supervision over him.[1] He traces this purportedly illegal supervision to a parole-revocation warrant that he claims violated due process because while it was issued before the expiration of his federal sentence (and while he was on federal parole), the Commission did not notify him of its existence before the disposition of new Pennsylvania criminal charges against him. As a result, the Petitioner pled nolo

---

[1] A person on parole is still in custody for the purpose of habeas review. See Barry v. Bergen County Probation Dept., 128 F.3d 152, 160 (3d Cir. 1997)(citing Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)).

contendere to the state charges, and thus unknowingly subjected himself to a federal parole-revocation sentence which eventually prolonged his federal supervision.

II.  Background.

On some unspecified date, Darden was sentenced by the United States District Court for the Northern District of Ohio to serve a sentence of thirteen years for armed bank robbery. On January 5, 1990, he was released on supervised parole with a parole-termination date of January 21, 1997.

Darden signed a Certificate of Parole acknowledging the conditions of release, including the stipulation that he "not violate any law." (Doc. 5, p. 00002-003). The conditions of release also advised Darden that if he "fails to comply with any of the conditions listed," he risks the revocation of his parole. (Doc. 5, p. 00003).

On November 19, 1996, approximately sixty-four days before the expiration of his parole-termination date, Pennsylvania authorities arrested Darden on two burglary offenses occurring in May and June of 1996. Aware of the new charges, on December 20, 1996, the Commission prepared a warrant for Darden but directed that it be held in abeyance pending the outcome of the state criminal charges against him. (Doc. 5, p. 00005). The Commission also commanded that the warrant and accompanying warrant application not be sent to Darden "unless and until the warrant

2

and the warrant application are delivered to the U.S. Marshal for execution or the placement of a detainer." (Id.).

On March 16, 1998, Darden pled nolo contendere to the two Pennsylvania burglary charges. It is unclear whether Darden received any prison time for the convictions. He asserts he remained free (and unsupervised by the Commission) until it executed its warrant. The Commission contends he was sentenced to twenty-three months in state custody.[2]

On April 22, 1998, the Commission supplemented its warrant and warrant application based upon the recent state convictions. The Commission removed its abeyance directive and lodged the warrant as a detainer. (Doc. 5, pp. 00006-007). On May 19, 1998, the United States Marshals Service executed the Commission's warrant by taking Darden into custody.[3] (Doc. 5, p. 00008). By letter of June 22, 1998, the Commission informed Darden of its probable cause determination that he had violated the terms and conditions of his parole.

---

[2] This factual dispute is immaterial to our resolution of the habeas petition.

[3] To the extend that the parties disagree on Darden's custody status at the time of the warrant's execution, once the abeyance direction was removed, the warrant became equally active in force and effect whether lodged as a detainer or issued as summons - the warrant was a directive to retake the parolee when available. If as Darden claims, he was retaken by the U.S. Marshals at his home rather than at a correctional facility at the expiration of his new state sentence, this would not in any way impact on the validity of the Commission's direction to execute the warrant.

3

A parole revocation hearing took place on October 1, 1998. (Doc. 5, p. 000011). According to the revocation hearing summary, Darden "stated that he pled nollo (sic) contendere on the advise (sic) of his attorney who stated that he would simply get time served for it and would not be exposed to additional custody with the Parole Commission as he would have a preliminary interview and would be able to present his side of the story at that point." (Doc. 5, p. 000011).

Darden's parole was revoked, he received no credit for time spent on parole, and he was ordered to serve thirty months imprisonment. Darden was again paroled on his federal armed robbery charge on October 19, 2000. His new parole-expiration date is June 3, 2005, and in this petition he contests his supervision until that date.

III. Discussion.

Darden claims the Commission violated his due process rights when it failed to notify him of the issuance of the parole-revocation warrant and, as a result, he pled guilty to the state burglary charges without knowing the full consequences of those pleas. He also argues that the warrant could not be executed after his a parole-termination date of January 21, 1997.

Darden's due process claim is in effect an attack on his state-court guilty pleas as not being knowing and intelligent because he was not informed at the time of the pleas that the

4

Commission might use them to revoke his federal parole. We believe, however, that the potential for parole revocation was a collateral consequence of the guilty pleas that did not have to be disclosed to the Petitioner. See Parry v. Rosemeyer, 64 F.3d 110, 114 (3d Cir. 1995).

We also believe that, in any event, the record shows that the Petitioner was aware that there might be adverse consequences on the remainder of his federal sentence. According to the revocation hearing summary, Darden stated that his lawyer told him to plead nolo contendere on the burglaries in exchange for a sentence of time served and also told him he would be able to present his side of the story to the Commission. This indicates that the Petitioner had given his federal conviction and sentence some thought before entering his state-court pleas.

We also note that Darden's conditions of release required him to obey the law and advised him that if he failed to comply with any of the conditions, he risked the revocation of his parole. It is thus difficult to believe that he was not aware that his federal parole was in jeopardy once he was arrested on new burglary charges.[4]

We also reject the claim that the warrant was invalid because it was executed after the expiration of the previous parole-termination date of January 21, 1997. A parole-violation

---

[4] Additionally, Darden has not asserted that he would not have pled guilty if he had known about the warrant.

warrant may be validly executed after the expiration of the violator's original term of imprisonment as long as it was issued within that term. Cronn v. Buffington, 150 F.3d 538, 543 (5th Cir. 1998); Boyden v. Reno, 106 F.3d 267, 269 (9th Cir. 1996); Anderson v. United States, 898 F.2d 751, 752 (9th Cir. 1990)(per curiam); Russie v. U.S. Department of Justice, 708 F.2d 1445 (9th Cir. 1983); Martin v. Luther, 689 F.2d 109, 114 (7th Cir. 1982).

It is the timing of the issuance of the warrant that is critical to the Commission's jurisdiction over the violator after the expiration of his expected federal sentence. In most cases, as long as the warrant is issued within close proximity to the suspected violation and before the expiration of the federal sentence, it serves to toll the expiration of the parolee's maximum term and allows for the later execution of the warrant. See Franklin v. Fenton, 642 F.2d 760, 764 (3d Cir. 1980) (holding that the date of issuance, not of execution, is critical and that since the original warrant was issued within the petitioner's original term, it could be executed thereafter).

This is not a trap for the unwary defendant. In Franklin, the Third Circuit noted that issuance of a warrant to be held in abeyance pending the outcome of new criminal charges gives the Commission the appropriate "flexibility to defer final decision" in such matters and that to hold otherwise would "result in the revocation of parole in some situations in which later

6

developments would bring about a different result." Franklin, 642 F.2d at 763.

In this case, Darden's federal sentence was set to expire January 21, 1997. With approximately sixty-four days remaining on his federal term, Darden was arrested for two state burglary offenses. On December 20, 1996, prior to the expiration of his maximum term, the Commission issued a parole-revocation warrant and held it in abeyance pending the disposition of his new criminal charges which would provide the basis of the parole violation. Based upon the existing case law and the facts as alleged by Darden, the Commission took all necessary steps to retain jurisdiction over him past the expiration of his normal maximum date, and thus, the warrant when executed, was valid.

We will issue an appropriate order.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

Date: August 23, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. DARDEN,

  Petitioner

vs.

UNITED STATES PAROLE
COMMISSION,

  Respondent

CIVIL NO. 1:CV-01-0201

(Judge Caldwell)

FILED
HARRISBURG, PA

AUG 23 2001

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

O R D E R

AND NOW, this 23rd day of August, 2001, it is ordered that:

 1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is dismissed.

 2. The Clerk of Court is directed to close this case.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 23, 2001

Re:  1:01-cv-00201   Darden v. USPC


True and correct copies of the attached were mailed by the clerk to the following:

```
Anthony D. Darden
931 Fahs Street
York, PA  17404

Kate L. Mershimer, Esq.
U.S. Attorney's Office
316 Federal Building
240 West Third Street
Williamsport, PA  17703  Fax No.: 570-326-7916


Michael A. Stover, Esq.
U.S. Parole Commission
Office of General Counsel
One North Park Bldg.
5550 Friendship  Blvd.
Chevy Chase, MD  20815

Sharon Gervasoni, Esq.
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD  20815
```

```
cc:
Judge                       ( ✓ )         ( ✓ ) Pro Se Law Clerk
Magistrate Judge            ( )           ( ) INS
U.S. Marshal                ( )           ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               ( ✓ )
Federal Public Defender     ( )
```

```
Summons Issued              ( )   with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5         ( )
Order to Show Cause         ( )   with Petition attached & mailed certified mail
                                  to:  US Atty Gen   ( )   PA Atty Gen ( )
                                       DA of County  ( )   Respondents ( )
Bankruptcy Court            ( )
Other_____     ( )
                                                          MARY E. D'ANDREA, Clerk


DATE:  ___8/23/01___                              BY:  _____
                                                          Deputy Clerk
```